UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61626-CIV- MCALILEY

CONSENT CASE

IRA KATZ, *et al*.,   )
                      )
        Plaintiffs,   )
                      )
vs.                   )
                      )
FIFIELD REALTY CORP. dba FIFIELD   )
COMPANIES, *et al*.,   )
                      )
        Defendants.   )
                      )

**PLAINTIFFS' MOTION TO COMPEL DEPOSITION OR IN THE ALTERATIVE FOR SANCTIONS AGAINST DEFENDANTS FIFIELD REALTY CORP. AND OCEAN MARINE YACHT CLUB LLC**

By and through undersigned counsel and pursuant to Fed. R. Civ. P. 37, Plaintiffs hereby file their Motion to Compel the Deposition of, or in the Alternative for Sanctions Against, Defendants Fifield Realty Corp. and Ocean Marine Yacht Club LLC:

1.    The continued corporate representative deposition of Defendants Fifield Realty Corp. and Ocean Marine Yacht Club ("Defendants") was originally noticed by Plaintiffs for November 20, 2009, prior to the discovery deadline set forth in the original Pretrial and Trial Order.  *See* Declaration of Jared Beck ("Beck Decl.") Ex. A.[1] [2]

---

[1]    The Declaration of Jared H. Beck is being filed concurrently with, and in support of, this Motion.

[2]    Plaintiffs originally deposed Defendants' corporate representative in June 2008; pursuant to the Court's order bifurcating discovery, the deposition only covered class certification issues and not issues pertaining to the merits.  The deposition noticed for November 20, 2009 is the deposition of the Defendants going to the merits of the lawsuit.

1

2. Defendants' counsel did not respond to the deposition notice until November 19, 2009, the day before the deposition. Upon Plaintiffs' counsel emailing to confirm the date, Defendants' counsel responded by representing for the first time that Defendants' representative was not available. *See* Beck Decl. Ex. B.[3]

3. On November 20, 2009, the discovery cut-off date was extended by a few weeks. *See* Order Granting in Part Motion for Protective Order, D.E. 145. In light of the extension of the discovery completion deadline, Plaintiffs' counsel agreed to provide more time for Defendants to obtain dates, recognizing the fact that Defendants' corporate representative would most likely not be local and would need to schedule to fly in. On November 20, 2009, prior to the deposition of Plaintiff Janior Perez at Defendants' counsel's office, counsel for the parties conferred on various deposition scheduling issues; one was the continued deposition of Defendants. Defendants' counsel agreed to provide, by November 24th, dates on which the deposition could take place. *See* Beck Decl. Ex. B.[4]

4. November 24, 2009 came and went, and no dates were forthcoming. On November 27, 2009, Defendants took the deposition of Plaintiff Paul Mason. Mr. Rosengarten, counsel for Defendants, stated during the deposition that he could "get the [Defendants' representative] on the phone" but no dates were produced on November 27, 2009 either.

---

[3] In the November 19th e-mail, Defendants' counsel claimed that he had discussed re-scheduling the deposition "half a dozen times." This is *absolutely untrue*. The first time Defendants' counsel indicated that Defendants' corporate representative would be unavailable was the day before the scheduled date.

[4] November 24, 2009 is also the court-mandated deadline for Plaintiffs to provide their availabilities for depositions, with which they duly complied. *See* email chain, Declaration of Elizabeth Lee Beck ("Lee Beck Decl.") Ex. A. The Declaration of Elizabeth Lee Beck is concurrently filed with, and in support of, this Motion.

5. Despite repeated requests for available dates, Defendants have stonewalled and refused to provide any dates; furthermore, as their course of conduct shows, they have casually ignored formally noticed depositions as well. Plaintiffs are at an absolute loss as to how to complete discovery and take the deposition of Defendants without resorting to court action.

6. As of the date of this motion, Defendants have still not provided any firm dates for the continued deposition of their corporate representative, despite the fact that Plaintiffs' counsel has repeatedly requested dates numerous times, and despite the fact that Defendants have promised that such dates are imminently forthcoming. *See* email chain, Lee Beck Decl. Ex. B (counsel for Defendants states as late as November 25, 2009 that she is "working on dates," but still does not have them). Plaintiffs are at this point concerned that Defendants are simply trying to "run out the clock" so that Plaintiffs will not have the opportunity to depose their corporate representative prior to the new discovery deadline of December 9, 2009.

7. Plaintiffs have re-noticed the deposition of Defendants for December 8, 2009. *See* Beck Decl. Ex. C.

8. As such, Plaintiffs request that Defendants be ordered to comply with the December 8, 2009 deposition date; or, in the alternative, to immediately provide mutually agreeable dates on which their corporate representative and counsel are available for deposition. Should Defendants fail to do so, Plaintiffs request that the Court impose appropriate sanctions.

9. Pursuant to Local Rule 7.1A(3), undersigned counsel hereby certifies that she has conferred with counsel for Defendants Fifield Realty Corp. and Ocean Marine Yacht Club LLC in a good faith effort to resolve the issues raised in this Motion but has been unable to do so.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion to Compel Deposition or in the Alternative for Sanctions Against Defendants Fifield Realty Corp.

and Ocean Marine Yacht Club LLC, and order that the deposition scheduled for December 8, 2009 proceed, and grant such other and further relief as may be necessary and proper.

DATED: November 28, 2009

RESPECTFULLY SUBMITTED,

_____s/Elizabeth Lee Beck_____
By: Elizabeth Lee Beck

**BECK & LEE BUSINESS TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
28 W. Flagler Street, Suite 555
Miami, Florida 33130
Telephone:     (305) 789-0072
Facsimile:     (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

*Attorneys for Plaintiffs*

*Ira Katz, et al. v. Fifield Realty Corp., et al.*
Case No. 07-61626

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2009, I electronically filed the foregoing

*PLAINTIFFS' MOTION TO COMPEL DEPOSITION OR IN THE ALTERATIVE FOR SANCTIONS AGAINST DEFENDANTS FIFIELD REALTY CORP. AND OCEAN MARINE YACHT CLUB LLC*

with the Clerk of the Court using CM/ECF. I also certify that the foregoing document(s) are being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                       *s/Elizabeth Lee Beck*
                                       Elizabeth Lee Beck

*Ira Katz, et al. v. Fifield Realty Corp., et al.*
Case No. 07-61626

# SERVICE LIST
*Ira Katz, et al. v. Fifield Realty Corp. dba Fifield Companies, et al.*
Case No. 07-61626-Civ-MCALILEY
United States District Court, Southern District of Florida

---

RONALD M. ROSENGARTEN, ESQ.
rosengartenr@gtlaw.com
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131
Telephone:      (305) 579-0500
Facsimile:       (305) 579-0717
**Attorneys for Defendants**
**Fifield Realty Corp. dba Fifield Companies**
**and Ocean Marine Yacht Club LLC**

(via CM/ECF)

---

MICHAEL K. WINSTON, ESQ.
mwinston@carltonfields.com
Carlton Fields, P.A.
CityPlace Tower
525 Okeechobee Blvd., Ste. 1200
West Palm Beach, FL 33401-6303
Telephone:      (561) 659-7070
Facsimile:       (561) 659-7368
**Attorneys for Defendant**
**Chicago Title Insurance Company**

(via CM/ECF)